# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | |
|---|---|
| MKB Management Corp., d/b/a Red River Women's Clinic; Kathryn L. Eggleston, M.D., | )<br>)<br>)<br>) |
| Plaintiffs, | ) **ORDER GRANTING PLAINTIFFS'**<br>) **MOTION TO DISMISS** |
| vs. | )<br>) |
| Birch Burdick, in his official capacity as State Attorney for Cass County, et al., | )<br>)<br>) Case No. 1:13-cv-071 |
| Defendants. | ) |

Before the Court is the "Plaintiffs' Motion to Dismiss Their Third and Fourth Claims for Relief" filed on August 30, 2013. See Docket No. 35. The state Defendants filed a response on August 30, 2013. See Docket No. 37. For the reasons set forth below, the motion is granted.

## I.   BACKGROUND

The Plaintiff, MKB Management Corp., doing business as Red River Women's Clinic ("the Clinic"), is the only clinic providing abortions in North Dakota. The Plaintiff, Kathryn Eggleston, is a board-certified family medicine physician licensed in North Dakota. Dr. Eggleston is the Clinic's medical director and has been providing reproductive health care for women, including abortions, colposcopy services, and family planning services, for over a decade. The Defendants include various North Dakota officials, including: Birch Burdick, the State's Attorney for Cass County; Wayne Stenehjem, the Attorney General for the State of North Dakota; and the thirteen members of the North Dakota Board of Medical Examiners. All Defendants are sued in their official capacity.

The Plaintiffs' complaint challenges the constitutionality of House Bill 1456 ("H.B. 1456") and House Bill 1305 ("H.B. 1305"). H.B. 1456, passed during the 2013 legislative session, makes it

a criminal offense to perform an abortion if a "heartbeat" has been detected, thereby banning abortions beginning at approximately six weeks of pregnancy, with limited exceptions.  H.B. 1305, also passed during the 2013 legislative session, makes it a criminal offense to perform an abortion "that the pregnant woman is seeking . . . solely [o]n account of the sex of the unborn child; or [b]ecause the unborn child has been diagnosed with either a genetic abnormality or a potential for a genetic abnormality."  See Docket No. 1.  The amendments contained in H.B. 1456 were scheduled to take effect on August 1, 2013, but a preliminary injunction halted the implementation.  The amendments contained in H.B. 1305 ultimately went into effect on August 1, 2013.

## II.     LEGAL ANALYSIS

The Plaintiffs request the third and fourth causes of action in the complaint addressing H.B. 1305 be voluntarily dismissed.  See Docket No. 35.  Rule 41(a)(2) of the Federal Rules of Civil Procedure states in relevant part that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Unless otherwise stated, dismissals under Rule 41(a)(2) are to be made without prejudice.  Fed. R. Civ. P. 41(a)(2).  It is well-established that "'[m]otions to dismiss without prejudice are addressed to the sound discretion of the district courts.'" Witzman v. Gross, 148 F.3d 988, 991-92 (8th Cir. 1998) (quoting Kern v. TXO Prod. Corp., 738 F.2d 968, 970 (8th Cir. 1984)).

In exercising its discretion a court should consider the following factors: "(1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant."  Id. at 992 (citing Paulucci v. City of Duluth, 826 F.2d 780, 783 (8th Cir. 1987)).  These factors aside, the

primary purpose of Rule 41(a)(2) is "to prevent voluntary dismissals which unfairly affect the other side." Paulucci, 826 F.2d at 782. For that reason, "if the motion is made at an early stage of the case, before much has happened and only limited human and financial resources have been invested in the matter by the defense, a Rule 41(a)(2) dismissal is more likely to be granted by the district court." 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2364 (3d ed. 2008).

The Plaintiffs argue voluntary dismissal without prejudice is appropriate because no proceedings on the merits of the claims or timely discovery have occurred and motions for summary judgment, due October 15, 2013, have not yet been filed. The Defendants indicate they do not oppose dismissal without prejudice of the claims related to H.B. 1305, but wish to preserve the right to raise various defenses should the Plaintiffs bring a future action based on H.B. 1305. See Docket No. 37. After careful consideration of all relevant factors, the Court concludes a Rule 41(a)(2) dismissal is warranted under the circumstances. The Court, in its discretion, further finds the Defendants preserve the right to raise various defenses if the Plaintiffs bring an action based on H.B. 1305 at a later date.

### III. CONCLUSION

For the reasons set forth above, the Court **GRANTS** the "Plaintiffs' Motion to Dismiss Their Third and Fourth Claims for Relief" (Docket No. 35). The Court **ORDERS** that the third and fourth causes of action be dismissed against the Defendants without prejudice.

**IT IS SO ORDERED.**

Dated this 9th day of September, 2013.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court