IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| MKB Management Corp., d/b/a Red River Women's Clinic; and Kathryn Eggleston, M.D.,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Drew H. Wrigley, in his official capacity as Attorney General for the State of North Dakota, et al.,<br><br>　　　　　Defendant. | **ORDER DENYING DEFENDANT'S MOTION TO REOPEN CASE**<br><br>Civil No. 1:13-cv-071 |

Before the Court is a "Motion and Brief in Support of Motion to Reopen Case" filed by Defendant Drew Wrigley[1], in his official capacity as Attorney General for the State of North Dakota ("Attorney General") on September 29, 2022. See Doc. No. 132. The Plaintiffs, MKB Management Corporation[2], d/b/a/ Red River Women's Clinic and Kathryn Eggleson (collectively, "Plaintiffs"), filed a response in opposition to the Attorney General's motion on October 27, 2022. See Doc. No. 139. The Attorney General filed a reply on November 3, 2022. See Doc. No. 142. The motion is filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. All briefing has concluded, and the motion is ripe for the Court's disposition. For the reasons set forth below, the motion is denied.

---

[1] Drew Wrigley was appointed as Attorney General of North Dakota on February 8, 2022. Wayne Stenehjem served in the role of Attorney General of North Dakota prior to Wrigley and had held the position since January of 2001.
[2] MKB Management Corporation no longer owns the clinic. Red River Women's Clinic was purchased by Access Independent Health Services, Inc.

1

I.       **BACKGROUND**

On June 25, 2013, Plaintiffs filed a lawsuit against then-acting Attorney General, Wayne Stenehjem challenging the constitutionality of North Dakota House Bill 1456 ("HB 1456"). The North Dakota statute resulted in a strict ban on abortions at a time when a "heartbeat" has been detected – essentially banning all abortions as early as six weeks of pregnancy – which was clearly invalid and unconstitutional. Plaintiffs sought to permanently enjoin the implementation of HB 1456. On April 16, 2014, the Court granted the Plaintiff's motion for summary judgement and entered a permanent injunction preventing enforcement of HB 1456, holding the bill was unconstitutional under the Supreme Court precedent of Roe v. Wade, 410 U.S. 113 (1973) and Planned Parenthood of Southeast Pennsylvania v. Casey, 505 U.S. 833 (1992). The Eighth Circuit Court of Appeals affirmed. See MKB Mgmt. Corp. v. Stenehjem, 795 F.3d 768 (8th. Cir. 2015). In its holding, this Court opined to wit:

> After careful review of the record, there is no question that North Dakota House Bill 1456 is in direct contradiction of the United States Supreme Court case law addressing restraints on abortion. [HB] 1456 is an invalid and unconstitutional law based on the United States Supreme Court precedent in Roe v. Wade from 1973, Planned Parenthood of Southeast Pennsylvania v. Casey from 1992, and the litany of cases that have followed.

See Doc. No. 110, p. 24.

The Court further explained in its conclusion:

The controversy over a woman's right to choose to have an abortion will never end. The issue is undoubtably one of the most divisive of social issues. The United States Supreme Court will eventually weigh in on this emotionally-fraught issue but, until that occurs, this Court is obligated to uphold existing Supreme Court precedent.

See Doc. No. 110, p. 25.

On June 24, 2022, the Supreme Court issued its decision in Dobbs v. Jackson Women's Health Organization, 142 S. Ct. 2228 (2022). In *Dobbs*, the Supreme Court explicitly overruled *Roe* and *Casey*, and held that the United States Constitution does not protect a woman's right to

2

an abortion; rather, the power to prohibit abortions is restored to the states individually. Following the decision in *Dobbs*, the Attorney General is seeking to enforce North Dakota House Bill 1466, which criminalizes abortions at <u>all</u> stages of pregnancy. <u>See</u> N.D. Cent. Code § 12.1-31-12. Litigation is pending in state court regarding this statute, which is broader than HB 1456 and would consume it entirely.

Based on the Supreme Court's decision in *Dobbs*, the Attorney General now moves the Court to reopen this case from 2013, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and seeks to dissolve the permanent injunction. <u>See</u> Doc. No. 132. The Plaintiffs oppose the Attorney General's motion.

## II.    <u>LEGAL DISCUSSION</u>

The Attorney General moves the Court to reopen the case pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. In his motion, the Attorney General contends this Court's permanent injunction against HB 1456 should be dissolved under Rule 60(b)(5) because the order relied exclusively upon the right to an abortion created by *Roe* and *Casey* to hold HB 1456 unconstitutional. <u>See</u> Doc. No. 132-2. Following *Dobbs*, the Attorney General argues *Roe* and *Casey* no longer apply and, as such, justice requires this Court reopen this case and eradicate the permanent injunction enjoining HB 1456 from enforcement. The Attorney General asserts the Court should also grant its requested relief under Rule 60(b)(6), if Rule 60(b)(5) is found to be unavailing, but offers no additional reasons explaining why that would be more appropriate.

The Plaintiffs oppose the Attorney General's motion and argue it is a waste of judicial resources because there is active litigation in state court regarding the constitutionality of House

Bill 1466. Pending state court proceedings have no bearing on this Court's decision or a Rule 60(b) determination.

> Rule 60(b) of the Federal Rules of Civil Procedure reads as follows:
>
>> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>> (4) the judgment is void;
>> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)

The Attorney General predominantly relies on the second clause within Rule 60(b)(5), which allows the Court to relieve a final judgment if that judgment was "based on an earlier judgment that has been reversed or vacated." Fed. R. Civ. P. 60(b)(5). The Court entered the permanent injunction on a finding that HB 1456 was unconstitutional. *Roe* and *Casey* no longer provide the substantive right to an abortion under the Constitution of the United States. However, this Court is not obligated to, nor prepared to, reopen every case that has ever had a reversal in law. The Plaintiffs cause of action was based on the United States Constitution, not simply *Roe* and *Casey*. *Roe* and *Casey* certainly provided precedential direction to this Court. But, as the Attorney General noted, "[r]ule 60(b)(5) does not provide a basis for relief when one judgment relies on an earlier judgment merely as legal precedent and that legal precedent is subsequently set aside or overturned." 12 Moore's Federal Practice § 60.46[2] (2009); see also Kaler v. Bala (In re Racing Servs.), 571 F.3d 729 (8th Cir. 2009); Lubben v. Selective Serv. Sys. Local Bd. No. 27,

453 F.2d 645, 650 (1st Cir. 1972) (It is not sufficient that the prior judgment provides only precedent for the decision); Harris v. Martin, 834 F.2d 361, 364-365 (3rd Cir. 1987) (The "prior judgment" clause of Rule 60(b)(5) "does not contemplate relief based merely upon precedential evolution"); Bailey v. Ryan Stevedoring, Inc., 894 F.2d 157, 160 (5th Cir. 1990) (citing *Lubben*, "it is not sufficient that the prior decision provides only precedent"); Tomlin v. McDaniel, 865 F.2d 209, 211 (9th Cir. 1989) (for relief to be justified, "[t]he relation between the present judgment and the prior judgment must…be closer than that of a later case relying on the precedent of an earlier case; the fact that the prior case provides a precedent for the later one is not sufficient"); Manzanares v. City of Albuquerque, 628 F.3d 1237, 1240 (10th Cir. 2010) (For a judgment to be "based on an earlier judgment' it is not enough that the earlier judgment was relied on as precedent).

This Court's order is not necessary to effectuate the opinion and result reached in *Dobbs*. If it was, that would diminish the function and product of the United States Supreme Court's decision. Every time the law evolves and matures, this Court need not re-open a case. An endless litany of cases would need to be reopened if that logic was followed. The floodgates of litigation would open far and wide if parties were allowed to re-open previously closed cases in every instance where laws may have changed or evolved with the passage of time. Rule 60(b) relief is clearly discretionary with the Court ("the court may relieve a party") and such relief is limited to extraordinary or exceptional cases. Such a dramatic case is not presented here.

Rule 60(b) is grounded in equity and exists "to prevent the judgment from becoming a vehicle of injustice." MIF Realty L.P. v. Rochester Assocs., 92 F.3d 752, 755 (8th Cir. 1996). (citation omitted). "The rule attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done." 11 Wright, Miller &

Kane, Federal Practice and Procedure: Civil 2d § 2851, at 227 (2d ed. 1995); see Harley v. Zoesch, 413 F.3d 866, 870 (8th Cir. 2005). Rule 60(b)(5) has received little judicial attention, but the consensus is that the provision is not a broad, blanket exception to the principles of finality. In re Racing Servs., 571 F.3d at 732. The rule will be treated no differently here. Finality remains a paramount principle. The mere evolution of the law does not justify a Rule 60(b) motion and, as such, the reopening of this case is unwarranted.

### III.   CONCLUSION

The Court has carefully considered the parties' arguments, the relevant case law and the entire record in this case. In the broad exercise of its discretion, the Court is of the opinion that relief is not appropriate under the circumstances and would be a waste of judicial resources. For the reasons set forth above, the Court **DENIES** the Attorney General's motion to reopen the case (Doc. No. 132).

**IT IS SO ORDERED.**

Dated this 17th day of November, 2022.

/s/ *Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court